# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELADIO CRUZ, | : |
| Plaintiff, | : |
| v. | : Civ. No. 18-370-LPS |
| HONORABLE JAN JURDEN, et al., | : |
| Defendants. | : |

Eladio Cruz, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

March 13, 2019
Wilmington, Delaware

/s/ Stark
STARK, U.S. District Judge:

I. INTRODUCTION

Plaintiff Eladio Cruz ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2, 8) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) Plaintiff also requests counsel. (D.I. 4) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a).

II. BACKGROUND

Plaintiff alleges that on August 6, 1991, the Delaware Superior Court violated his Fourteenth Amendment Right to due process by misleading him – in writing, on his direct commitment status sheet and sentencing order – into believing that he was eligible for parole. (D.I. 2, 8) Named as Defendants are the Honorable Jan R. Jurden ("Judge Jurden") and VCC Warden Dana Metzger ("Metzger"). Plaintiff seeks compensatory damages.

The Court takes judicial notice that on February 19, 2016, the Delaware Supreme Court affirmed the September 15, 2015 Superior Court order that dismissed a complaint Plaintiff filed against Judge Jurden. *See Cruz v. Jurden*, 2016 WL 690691 (Del. Feb. 19, 2016). Plaintiff sought compensatory damages from Judge Jurden because "the Superior Court had 'misled' him into believing that he was eligible for parole." *Id.* at *1. The Delaware Supreme Court stated that it had previously affirmed the Superior Court's denial of Plaintiff's motion to correct his sentence to have a

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

parole eligibility date set, see *Cruz v. State*, 2015 WL 4510713 (Del. July 21, 2015), and, therefore, Plaintiff's claim was barred by the law of the case. *See id.*

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule

2

12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See*

3

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

The Complaint is time-barred. Plaintiff's claims are raised pursuant to 42 U.S.C. § 1983. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions and are subject to a two-year limitation period. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1983); *see also* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Plaintiff filed his Complaint on March 7, 2018.[2] The Complaint states that August 6, 1991 is the date of the occurrence. Hence, using Plaintiff's date, it is evident from the face of the Complaint

---

[2] The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." A prisoner's filing is deemed filed as of the date it is delivered to prison officials for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Here, that is no earlier than March 7, 2018, the date Plaintiff signed his Complaint.

4

that the claims are clearly barred by the two-year limitations period, having been filed well after the expiration of the limitations period. In addition, Plaintiff was on notice of his claim by virtue of (among other things) the Delaware Supreme Court's February 19, 2016 ruling that Plaintiff's claim was barred by the law of the case and that Judge Jurden enjoyed absolute immunity from suit. Even when using the February 19, 2016 date, the Complaint is time-barred, having been filed in March 2018. Therefore, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).[3] Amendment of the claims would be futile.

## V.  CONCLUSION

For the above reasons, the Court will: (1) deny as moot Plaintiff's request for counsel (D.I. 4); and (2) dismiss the Complaint as legally frivolous pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

An appropriate Order will be entered.

---

[3] Dismissal is also appropriate because Judge Jurden has judicial immunity and there are no claims directed against Warden Metzger, who appears to have been named as a defendant based upon his supervisory position.

5